842 F.2d 331
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re HAYBALL TRUCKING, INC., Debtor.
HAYBALL TRUCKING, INC., a Michigan corporation, Plaintiff-Appellant,
v.
CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND,
Defendants- Appellees.
 No. 87-1425.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1988.
 
 Before MILBURN and BOGGS, Circuit Judges, and ALDRICH, District Judge*.
 PER CURIAM.
 
 
 1
 Hayball Trucking, Inc., the debtor in a plan of reorganization under Chapter 11 of the Bankruptcy Code, appeals from the judgment of the district court denying its motion to modify its plan of reorganization. The facts relevant to the present dispute are essentially uncontroverted. Hayball Trucking was signatory to a collective bargaining agreement with the local union of the International Brotherhood of Teamsters. The agreement required Hayball to make pension contributions to the Central States Pension Fund on behalf of its employees who performed bargaining unit work. In January 1985, the pension fund commenced an audit of the payroll and earnings history of the truck drivers of Hayball Trucking. During the course of the audit, several employees were identified for whom Hayball had failed to make pension contributions.
 
 
 2
 On February 8, 1985, Hayball filed a petition for relief under Chapter 11 of the Bankruptcy Code. The pension fund subsequently filed a contingent and estimated proof of claim based on the belief that Hayball owed pension contributions on behalf of individuals who were employed by Dyer Trucking, Summit Transport, and Hayball Transport. These entities were alleged to be alter egos of Hayball Trucking. Although the original estimated amount of the claim was $100,000, the pension fund later reduced it to a definite claim of $41,040.15.
 
 
 3
 Hayball's first amended plan of reorganization was confirmed on March 13, 1986. It provided that the debtor had sixty days to object to any timely filed claims. No objection was made to the claim of the pension fund.
 
 
 4
 On August 25, 1986, Central States filed a motion to compel payment of its claim according to the terms of the confirmed plan of reorganization. On September 26, 1986, the motion was granted. Hayball responded by filing a motion for an order allowing and approving modification of the first amended plan. On November 24, 1986, the bankruptcy court entered an order denying Hayball's motion to modify the plan, and the bankruptcy court was affirmed by the district court in an order entered on March 18, 1987, which adopted the order of the bankruptcy court with additional comment.
 
 
 5
 Upon consideration of the briefs and record herein and after oral argument, the court is of the opinion that the findings of the bankruptcy judge are not clearly erroneous and, further, that it has not been shown that either the district court or the bankruptcy court misapplied the applicable law. Accordingly, the judgment of the district court is AFFIRMED for the reasons stated by the district court in its order filed March 18, 1987, and by the bankruptcy court in its order filed November 24, 1986.
 
 
 
 *
 Honorable Ann Aldrich, Judge, United States District Court for the Northern District of Ohio, sitting by designation